Richard P. Stacy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges BLATT, DI-SALLE and MacPHAIL, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for appellant.

*GuruJodha Singh Khalsa,* Assistant Attorney General, with him *Reese F. Couch,* Assistant Attorney General, and *J. Justin Blewitt,* Acting Attorney General, for appellee.

OPINION BY JUDGE DISALLE, June 13, 1979:

Richard P. Stacy (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying him benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

There is no question in this case but that Claimant voluntarily terminated his employment. Claimant takes the position, however, that the Board erred in concluding that he did not have necessitous and compelling reasons for leaving. He avers that, in the two months that he worked as an administrative assistant for One Grandview Restaurant, he was verbally abused and physically and verbally threatened. His employer categorically denied these allegations. Even Claimant's witness testified that he was not aware of any specific threats directed towards Claimant. The factfinder, whose duty it is to resolve conflicts in the testimony, obviously believed the employer. Since there is substantial evidence in the record to support the finding that Claimant was not verbally abused or threatened, we are unable to conclude that the Board erred.

Claimant also alleges that the employer's conduct necessitated treatment by a physician for acute anx-

iety. Be that as it may, the testimony clearly establishes that he did not adequately apprise his employer of his health problems or request lighter or more suitable work prior to his resignation. Having failed to comply with these requirements, it is clear that Claimant voluntarily quit his job without necessitous and compelling cause. Benefits were properly denied.

ORDER

AND Now, this 13th day of June, 1979, the order of the Unemployment Compensation Board of Review dated June 21, 1978, denying benefits to Richard P. Stacy, is hereby affirmed.