Toni R. Coyle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 21, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Mark S. Sedley,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 20, 1981:

This is an appeal by Toni R. Coyle (Claimant) from an order of the Unemployment Compensation

Board of Review (Board) denying unemployment compensation benefits. The Board affirmed the referee's determination that the Claimant voluntarily terminated her employment without cause of a "necessitous and compelling nature" and was therefore ineligible for benefits under §402(b)(1) of the Unemployment Compensation Law (Law).[1] We agree.

Claimant was employed by the United States Post Office (Employer) as a postal clerk from November 1975 until December 1978. During that time she had two approved leaves of absence for medical reasons. Upon returning to work on November 24, 1978, after the second leave of absence, Claimant made a written request for a transfer to lighter work. Claimant terminated her employment on December 5, 1978 alleging that her work was having an adverse effect on her health. She applied for benefits which were denied by the Bureau (now Office) of Employment Security (Office). Claimant appealed. After a hearing, the referee affirmed the Office's determination. Claimant then appealed to the Board but was again denied benefits.

The issue before us is whether the Claimant presented substantial competent evidence that adequate health reasons existed to justify her voluntary termination of her job.

It is well settled that the burden to prove necessitous and compelling circumstances is on the Claimant. *Taylor v. Unemployment Compensation Board of Re-*

---

[1] Act of December 5, 1937, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b)(1).

An Employe shall be ineligible for compensation for any week—

. . . .

(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

*view,* 474 Pa. 351, 378 A.2d 829 (1977). When the burden of proof is on the party who did not prevail below, our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979).

Our Supreme Court has held that in order to prove the contention that she is physically or emotionally no longer able to continue working the Claimant must (1) introduce competent testimony that at the time of termination adequate health reasons existed to justify termination, (2) inform the employer of the health problems, and (3) specifically request the employer to transfer her to a more suitable position. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).

There is no doubt that the Claimant met the second requirement. The record shows the Employer was well aware of the health problems. As to the third requirement, while the Claimant did request transfer to a more suitable position there is some question as to whether the Claimant allowed sufficient time (3 weeks) for the Employer to find such work. We need not address that issue, however, in light of our holding that the Claimant failed to meet the first requirement of *Deiss.*

The record clearly shows that the Claimant had emotional problems. She had been under treatment by one physician for two and one-half years. He had recommended the leaves of absence but had not advised her to quit. The Claimant testified that another physician in November 1978 had told her that if she felt the job was making her this upset she would be better off getting another job. The physician's statement was corroborated by the Claimant's sister who

had been with the Claimant during her visit with the doctor. The physician's statement in and of itself is hardly sufficient to prove that adequate health reasons existed at that time to justify her subsequent termination. It was merely a statement of common sense.

Further, in absence of a physician's certificate to quit, a physician's statement obtained after the termination must explain and support the health reasons as they existed on the date of the termination. *Elshinnawy v. Commonwealth,* 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). The Claimant did not offer any evidence directly from either of the physicians she had consulted, nor did she avail herself of her right to subpoena the doctors.[2]

Our careful review of the record convinces us that the referee did not capriciously disregard competent evidence. We hereby affirm the order of the Board.

ORDER

AND Now, this 20th day of January, 1981, the order of the Unemployment Compensation Board of Review No. B-172570, dated May 24, 1979, denying benefits to Toni R. Coyle is affirmed.

---

[2] Section 506 of the Law, 43 P.S. §826.