Edward Donaldson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

42

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*Donald M. Graffius,* with him *Gregory J. Karlick,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, September 23, 1981:

Edward Donaldson (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law.[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which states in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

Claimant was employed as a night auditor by Holiday Inn (Employer). Claimant voluntarily terminated his employment and attributed his termination to harassment arising out of rumors circulating among his co-workers.

It is the Claimant who has the burden of proving that the voluntary termination of his employment was for cause of a necessitous and compelling nature. *Gaiser v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 259, 423 A.2d 57 (1980). Where the party with the burden of proof does not prevail before the Board, as in the instant case, this Court's scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether the findings can be sustained without a capricious disregard of competent evidence. *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

Claimant's reliance on alleged harassment as a necessitous and compelling reason for voluntary termination is unfounded. Harassment by a supervisor or co-worker has been found to be a necessitous and compelling reason for voluntary termination. *See Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977); *Willet v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 500, 429 A.2d 1282 (1981).

In the instant case, however, the Board made the following finding: "5. The employees were not harassing the claimant." The Board is the ultimate fact

(b)(1) In which his unemployment is due to voluntarily leaving without cause of a necessitous and compelling nature. . . .

Pursuant to the Act of July 10, 1980, P.L. 521, Section "402(b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

finder, and from our review of the record we conclude that the Board's finding was not in error. *Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980).

Claimant avers that co-workers were circulating rumors to the effect that he (1) was engaged in homosexual activities with truck driver patrons of Employer, (2) was secretly married to a former co-worker and (3) was having an affair with a former hostess. The record shows that none of Claimant's co-workers directly accused, questioned or confronted Claimant with respect to the substance of the rumors, and that Claimant's knowledge of the rumors rested solely on a conversation with one person and an admission, after confrontation, with another. Accordingly, we are unable to conclude that the Board erred in not finding Claimant had necessitous and compelling cause for terminating his employment based on a report of the rumors alone. *Stacy v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 355, 402 A.2d 330 (1979).

We further note that a claimant alleging necessitous and compelling reasons for terminating his employment must have made a reasonable effort to obviate his problem and maintain his employment status. *Colduvell v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979). Claimant here did not tell his supervisor about the rumors until some six to eight months after he learned about them. The supervisor, who was not previously aware of the rumors, told Claimant he would put a stop to them. Despite the supervisor's assurances, Claimant quit just a few days after the discussion, even though he had not heard of any further rumors.

Claimant alternately contends that his termination was compelled by emotional distress which resulted

from the pressure of responding to myriad, annoying, work-related telephone calls and which rendered Claimant unable to perform his job. However, to establish emotional distress as a health problem that is a necessitous and compelling reason for termination, Claimant must (1) introduce competent testimony proving that at the time of termination adequate health reasons existed to justify termination; (2) inform Employer of the health problems, and (3) specifically request Employer to transfer him to a more suitable position. *Coyle v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 170, 424 A.2d 588 (1981); *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977).

Our review of the record shows that Claimant did not meet any of the three requirements. Claimant did not offer competent medical evidence that his work adversely affected his health. *Pastorius v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 50, 411 A.2d 1301 (1980). "The only evidence to this effect was [Claimant's] own [testimony] and we have previously held that such evidence is insufficient to establish the existence of adequate health reasons for termination." *Steffy v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 16, 18, 413 A.2d 483, 484 (1980). Claimant neither informed Employer of his asserted health problem nor asked Employer to transfer him to work more compatible with his averred health problem.

Accordingly, we will enter the following

## ORDER

AND Now, September 23, 1981, the decision of the Unemployment Compensation Board of Review, Number B-182867, dated April 3, 1980, is hereby affirmed.