Marlene Green, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 7, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Mark S. Sedley*, for petitioner.

*Karen Durkin*, Associate Counsel, with her *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 2, 1982:

Marlene Green (claimant) asserts that she should not have been denied benefits by the Unemployment Compensation Board of Review (Board) which found that she voluntarily terminated her employment without cause of a necessitous and compelling nature.[1]

The claimant was last employed as a hostess/filler by Dunkin Donuts. She had informed her employer at

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P,L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

the time of her hire on November 1, 1979, that she had had back problems but felt that they would not hinder her in her duties. On August 30, 1980, she voluntarily terminated her employment due to back pains from lifting trays of doughnuts but did not give her employer any reason[2] for quitting.

It is well-settled that an employe who voluntarily terminates employment for health reasons must "(1) introduce documentation that a physician advised claimant to terminate prior to termination ... (2) inform the employer of the health problem ... and (3) specifically request the employer to transfer [her] to a more suitable position...." *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 554, 381 A.2d 132, 135 (1977) (citations omitted). Moreover, we have recognized that a "[c]laimant's failure to meet *any one* of those three conditions will bar her claim for unemployment compensation benefits." *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 305, 426 A.2d 719, 721 (1981) (emphasis added).

Our review of the record here indicates that the claimant failed to notify her employer that her back problem was aggravated by her duties prior to her voluntary termination, and we must specifically reject her argument that her statement to her employer at her initial hiring interview meets the second condition required in *Deiss*. Moreover, although her employer admitted that lighter work was unavailable and that a request for such would have been "futile",[3] we must nevertheless conclude that the claimant has failed to

---

[2] The record indicates that she did not request a leave of absence before she left nor did she submit before or after her leaving, a doctor's certificate.

[3] *See Deiss*, 475 Pa. at 554 n.3, 381 A.2d at 135 n.3; *Baldassano v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978).

satisfy the third condition in *Deiss* because the record reveals she did not request a leave of absence[4] or establish that such request would have been futile.[5] It is clear, therefore, that she did not make "every effort ... to sustain the employer-employe relationship." *Wenrich*, 34 Pa. Commonwealth Ct. at 189, 382 A.2d at 1304.

Inasmuch as this claimant has satisfied less[6] than all of the conditions set forth in *Deiss*, we will therefore affirm the order of the Board. *Ruckstuhl.*

---

[4] The third condition in *Deiss* has been interpreted to require a claimant to establish "(3) that every effort was made to sustain the employer-employe relationship." *Wenrich v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 186, 189, 382 A.2d 1303, 1304 (1978). Accordingly, a request for a leave of absence, or proof that such request would have been futile, has been held to be a corollary to the third condition (request for a more suitable position) in *Deiss. See e.g., McDonald v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 16, 408 A.2d 1181 (1979); *Barni v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 588, 382 A.2d 505 (1978).

[5] A claimant must show by competent evidence that a request for a leave of absence would have been futile in order to be excused from meeting the third condition in *Deiss. McDonald.*

[6] The Board found that the claimant failed to produce any medical evidence to justify her quitting. Our review of the record indicates that there was no medical verification here other than her own uncorroborated statements that her physician advised her to quit. The Board, however, in its brief states that "the Board did not find claimant's medical excuse insufficient under the [first] requirement of Deiss." We have held that where, as here, a claimant who does not present any medical verification of her condition either prior to or after quitting other than her own uncorroborated statements, has not presented sufficient competent medical evidence under *Deiss'* first requirement. *See Donaldson v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , 434 A.2d 912 (1981); *Coyle v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 170, 424 A.2d 588 (1981) (claimant's testimony that physician recommended she quit was insufficient in the absence of a direct verification explaining or sup-

### Order

AND, Now, this 2nd day of August, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

porting the health reasons); *Steffy v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 16, 413 A.2d 483 (1980).