Richard Carroll, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Daniel L. Carn, Carn & Vaughn,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 14, 1982:

Richard Carroll (Claimant) brings this appeal from a determination of the Unemployment Compensation Board of Review (Board) which denied Claimant unemployment compensation benefits based on a determination that Claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

Claimant's primary contention is that he justifiably terminated his employment for reasons of health.[1] In order to sustain a determination of cause of a necessitous and compelling nature justifying a voluntary termination based upon health, a claimant must (1) introduce competent testimony that at the time of termination adequate health reasons existed to justify termination, (2) inform the employer of the health problems, and (3) specifically request the employer to transfer him to a more suitable position. *Deiss v.*

---

[1] Hearing and breathing problems, which he contended would be adversely affected in an environment of welding, grinding, spray painting or loud noises, or as Claimant referred to it, "inside work."

*Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). The Board here found that the Claimant failed to meet his burden[2] of proving either the first or third requirements of *Deiss*.

We have carefully examined the record in this case and have failed to find any corroborating medical evidence, either prior to or after termination, which would support Claimant's contention that *at the time of termination* his health precluded him from performing his assigned duties. *See Coyle v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 170, 174, 424 A.2d 588, 590 (1981). The Claimant terminated his employment in August of 1980. He admits that he provided his employer with no evidence prior to termination from his physicians concerning his physical health. The medical evidence offered at the referee's hearing in the form of written reports from our four physicians falls short of meeting the test we first enunciated in *Elshinnawy v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974) that physicians' statements obtained after the termination of employment are of little evidentiary value unless the statements adequately explain and support the health reasons as they existed on the date of termination. In the instant case none of the reports admitted into evidence refer in any manner to Claimant's condition at the time of termination.[3] Thus, Claimant has failed to meet the first condition of *Deiss* and his claim for benefits on medical grounds must fail.[4]

---

[2] *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

[3] The earliest date mentioned in any of the medical reports is November 3, 1980.

[4] *See Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 305, 426 A.2d 719, 721 (1981). We would also agree with the Board that Claimant failed

We have examined Claimant's other two contentions and find them to be without merit.[5] We shall therefore affirm the order of the Board.

## ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-197475, dated July 21, 1981, is hereby affirmed.

---

to request a transfer and do not agree with Claimant that the record shows that such a request was unnecessary or would have been futile. Thus, Claimant also failed to meet the third condition of *Deiss*.

[5] Claimant has also argued that the change to inside work, apparently on the date of termination, was in retaliation for complaints Claimant made about wages for work as an outside laborer, or in the alternative that such change in working conditions (from outside to inside) was adverse and material, thereby providing cause of a necessitous and compelling nature for quitting. We need not reach either of these issues since the Board found that Claimant's reason for quitting was his health.