Central Data Center, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 3, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Joseph Mack, III, Thorp, Reed & Armstrong,* for Petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, April 15, 1983:

Central Data Center (Petitioner) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision granting benefits to Judith Anne Galardi (Claimant). We affirm.

Claimant was last employed as a computer systems consultant for Petitioner, a position she held from July of 1979 until April 1, 1981. As part of her duties, Claimant had to be on call to respond to computer malfunctions, and on at least one occasion was called at 2:30 a.m. to resolve a computer problem. In August of 1980, Claimant was hospitalized for a period of five and one-half months for emotional problems, and after returning to work, Claimant concluded that the pressures inherent in her job were causing a recurrence of the symptoms, designated by her medical advisor as danger signals, such as loss of sleep and early depression, indicating that another emotional collapse, or psychosis was imminent. As a result she resigned from her position on April 1, 1981, and successfully applied to the Office of Employment Security for benefits. Petitioner, challenging this grant of benefits, went to a hearing before a referee on June 1, 1980. From the evidence adduced at this hearing, the referee concluded that Claimant's emotional difficulties, coupled with her job stress, gave her reason of a necessitous and compelling nature for terminating her employment, and that she was thus not disqualified from receiving benefits by the provisions of Section 402(b) of the Unemployment Compensation Law (Law), Act

of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). The referee further concluded that Claimant was "able to work and available for suitable work" within the intendment of Section 401(d)(1) of the Law, 43 P.S. §801(d)(1), since she was capable of, and willing to, accept employment of a less stressful nature. The Board affirmed this determination without making any additional findings, and the present appeal followed.

It is well established, of course, that a claimant has the burden of establishing a voluntary termination was for cause of a necessitous and compelling nature. *Donaldson v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 41, 434 A.2d 912 (1981); *Gaiser v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 259, 423 A.2d 57 (1980). Similarly, a claimant also has the burden of establishing that he or she is ready and available for suitable employment. *Ellman v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 179, 407 A.2d 478 (1979). "It is equally settled that where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to questions of law and, absent fraud, to a determination of whether the Board's findings of fact are supported by substantial evidence." *Jula v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 353, 355, 409 A.2d 953, 954 (1980).

Before this Court, Petitioner, citing, *inter alia,* our decisions in *Farley v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 502, 424 A.2d 1028 (1981); *Coyle v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 170, 424 A.2d 588 (1981); and *McQuiston v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 250, 390 A.2d 317 (1978), initially alleges that there is no substantial evidence of record to support the ref-

eree's finding that Claimant had compelling medical reasons for terminating her employment. Specifically, Petitioner alleges that the referee impermissibly based his finding entirely on Claimant's own testimony and a certification supplied by her psychiatrist.

Recently, in *Steffy v. Unemployment Compensation Board of Review*, Pa. , 453 A.2d 591 (1982), our Supreme Court held that a claimant does not necessarily have to present expert medical evidence in order to establish that he had compelling medical reasons for terminating his employment, but instead may establish that fact by any competent evidence. This evidence may consist of the claimant's own testimony and/or documentary evidence. *Id.*

In the present case, the record shows that Claimant testified before the referee that after she was hospitalized for emotional difficulties, she returned to work but was attending counseling sessions and taking medications for her condition, and that the stress of her job was pushing her towards an emotional collapse. Claimant's contention that she was unable to continue in her job due to job related stress was further bolstered by the admission into evidence of a Doctor's Certification signed by her psychiatrist, Dr. Leon Cornes. In this certification, Dr. Cornes responded affirmatively to a question asking whether Claimant would be prevented from working because of her illness "for a period of three days or more," and added the following statement:

> [Claimant] has been encouraged to avoid any major stress insofar as possible. While she was not specifically advised to terminate her last job, she was supported in this decision by her treating clinician, due to the extreme stress of this particular job.

In addition, Claimant's supervisor, David Weitzel, testified that Petitioner was fully aware of Claimant's

emotional difficulties, that he lightened Claimant's workload in view of her medical condition, and that her work performance still deteriorated to an unacceptable level. This evidence, in our view, clearly constituted substantial competent evidence sufficient to support the referee's finding that Claimant had compelling medical reasons for terminating her employment, and, therefore, we reject Petitioner's argument to the contrary.

Petitioner next alleges that Claimant is disqualified from receiving benefits since she did not specifically request a transfer to a more suitable job. *See Kovarik v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 165, 387 A.2d 521 (1978); *Pfeffer v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 601, 382 A.2d 511 (1978); *Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973). Recently, however, in *Genetin v. Unemployment Compensation Board of Review*, Pa. , 451 A.2d 1353 (1982), our Supreme Court held that a claimant is not disqualified from receiving benefits by the provisions of the Law if he does not request a transfer to more suitable employment prior to terminating his employment for medical reasons. Instead, under the mandate of *Genetin,* a claimant need only communicate his medical difficulties to his employer, and stand ready to accept any reasonable accommodation offered by the employer. Since there is no doubt in the present case that Claimant informed her employer of her medical difficulties and received no specific job offer in return, we believe that she met her obligations under the Law and thus was not disqualified from receiving benefits by her failure to request a transfer.

Finally, Petitioner alleges that there is no substantial evidence of record to support the Board's finding

that Claimant is able to work and is available for suitable work.

On the contrary, Claimant clearly testified before the referee that she was able to work in less stressful occupations and listed several jobs she was able to perform. In addition, Dr. Cornes, in his Doctor's Certification, indicated that Claimant was able to work. "The question of a claimant's availability for work is one of fact for the Board, and questions of credibility and the resolution of conflicts in the evidence are for the factfinder and are binding on us." *Fitterling v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 113, 116, 398 A.2d 744, 746 (1979). Since Claimant's testimony and the Doctor's Certification constituted, in our view, substantial evidence in support of the Board's finding that Claimant was available for suitable work, we will affirm.

### Order

Now, April 15, 1983, the order of the Unemployment Compensation Board of Review, dated July 29, 1981, Decision No. B-197788, is affirmed.