Peter Evasovich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1983, to Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

*Sandra L. Smales,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 23, 1984:

Peter Evasovich (claimant) petitions for review of the decision and order of the Unemployment Compensation Board of Review (Board) denying benefits to him under the provisions of Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,

*as amended,* 43 P.S. §802(b) (voluntary termination without cause of a necessitous and compelling nature).

The claimant was last employed as a silk screen printer by Graphics Plus Associates (employer) on October 23, 1981 when he terminated his employment voluntarily due to eye and throat irritation caused by fumes in his department. He had been experiencing these problems for approximately two weeks when, on October 13, 1981, he consulted his physician. On the advice of his physician, the claimant requested a transfer to another department when he presented medical certification of his problem to his manager on October 13, 1981. The manager advised the claimant that he would let the claimant know if such a transfer was possible.

After approximately four days, the claimant inquired as to the status of his transfer request and his manager advised only that he would let the claimant know. The following morning the claimant repeated his inquiry to the manager only to be informed that his manager really did not know what was going on.

When by October 22, 1981, no action had been taken by the employer to respond to his transfer request, the claimant advised his manager that he would complete his current assignment and that the following day would be his last. At that time, the employer had not determined what action to take on the claimant's request.

In a voluntary termination case, the claimant has the burden of proving that he had cause of a necessitous and compelling nature for leaving his employment. *Gennaria v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 354, 461 A.2d 918 (1983). Where, as here, the party with the burden of proof does not prevail before the Board we are limited to determining whether the Board's find-

ings are consistent with each other and with its conclusions of law, and whether they can be sustained without a capricious disregard of competent evidence. *Berardi v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 549, 458 A.2d 668 (1983). Medical problems may provide the requisite cause where the claimant has communicated these problems to the employer and where he proves by competent evidence that the health problems do exist and will justify termination. *Gennaria.*

Although the Board found that the claimant here met both of the tests for eligibility, it, nevertheless, held him ineligible. The Board concluded that he was ineligible because he had not requested a leave of absence for the period during which the employer was considering his request for a transfer and because it found that he had not allowed the employer sufficient time to effectuate his transfer. From this basis, the Board reasoned that he had not taken all necessary and reasonable steps to secure, *i.e.,* to preserve, his employment. The issue before this Court is whether the Board's legal conclusions are correct.

While we agree that an employe has a duty to take all necessary and reasonable steps to preserve his employment,[1] we cannot agree with the Board that the claimant here failed to meet his legal obligations in this regard.

As the Board's brief correctly notes, we have held that the claimant's duty to preserve the employment relationship includes the duty to request a leave of absence, and that this duty is a corollary to the rule that a claimant must request a transfer to a more suitable position prior to a voluntary termination.

---

[1] *See Redevelopment Authority of the County of Dauphin v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 597, 405 A.2d 1061 (1979).

*See, Green v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 101, 448 A.2d 118 (1982). However, in *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982),[2] our Supreme Court eliminated the requirement that a claimant must request a transfer to a suitable assignment prior to terminating his employment for health reasons. As Justice (now Chief Justice) NIX explained:

Where an employee because of a physical condition, can no longer perform his regular duties, he must be available for suitable work, consistent with the medical condition, to remain eligible for benefits. However, *once he has communicated his medical problem to the employer and explained his inability to perform the regularly assigned duties, an employee can do no more*. The availability of an employment position, the duties expected to be performed by one serving in that capacity, and the desirability of that individual for service in that capacity are managerial judgments over which the employee has no control. *As long as the employee is available where a reasonable accommodation is made by the employer, that is not inimicable to the health of the employee, the employee has demonstrated the good faith effort to maintain the employment relationship required under the Act.* (Emphasis added.)

*Id.* at 130-31, 451 A.2d at 1356. Under *Genetin*, a claimant need only communicate his medical difficulties to his employer and stand ready to accept any reasonable accommodation offered by the employer. *Central Data Center v. Unemployment Compensation*

---

[2] We note that the Board's decision in the instant case preceded *Genetin*.

*Board of Review,* 73 Pa. Commonwealth Ct. 465, 458 A.2d 335 (1983). Absent some indication from the employer that suitable work or a leave of absence was available, the claimant made every effort that legally could be expected of him to sustain the employer-employee relationship. *See Tapia v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 548, 462 A.2d 915 (1983). Consequently, where the principle from which a corollary arises has fallen, we must hold that the corollary must also fall. Therefore, we must hold that the Board erred in imposing the additional requirement of requesting a leave of absence prior to his termination on the claimant. *Gennaria.*

The Board also based its disqualification of the claimant on the theory that he did not allow the employer sufficient time to effectuate a transfer for him. The Board did so without any statement as to what it would consider to be an acceptable period. While we appreciate the difficulty of constructing a general rule as to how long an employee must wait for the employer to act on a request for a transfer for health reasons, we cannot agree with the Board that the claimant here acted precipitously. He properly notified the employer through his manager of the problem and supplied medical certification to the employer. His subsequent inquiries to his manager as to the status of his transfer were met with unresponsive answers. Even as long as a week after his request, the employer had no clear idea on how it could accommodate him as can be seen from the testimony of the company treasurer at the hearing:

> We oh, had discussed a couple of possibilities, our understanding that he needed to be out of that depart. (sic) totally. We had discussed alternatives. We did not come to a conclusion.

Therefore, in light of the physical difficulties which the claimant was experiencing from the fumes in his department, we conclude that he afforded the employer a reasonable time prior to his termination to meet its responsibility to offer him a position suitable to his condition.

Accordingly, we must reverse the decision and order of the Board and remand for the computation of benefits due the claimant.[3]

ORDER

AND Now, this 23rd day of February, 1984, the decision and order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and the matter is remanded for computation of benefits.

Jurisdiction relinquished.

---

[3] There is no dispute here as to the claimant's availability for suitable work. *See, Genetin.*