Miriam Pryor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 8, 1983, to Judges WILLIAMS, JR., BARRY and BARBIERI, sitting as a panel of three.

*Gary M. Gusoff*, for petitioner.

*Michael D. Alsher*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 5, 1984:

Miriam Pryor (claimant) petitions for review[1] of the decision and order of the Unemployment Compensation Board of Review (Board), dated November 30,

---

[1] This is the second petition for review filed by the claimant in this matter. After the claimant's first petition for review, the claimant and the Board, through counsel, stipulated that the case should

1981, denying benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Act)[2] (voluntary termination without cause of a necessitous and compelling nature) to the extent permitted by *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976).[3]

The facts are not in dispute. The claimant was a part-time mail carrier with the U.S. Postal Service (employer) for approximately six months. On May 31, 1980, she voluntarily terminated her employment due to an ovarian ailment which periodically rendered her unable to perform her duties. She was advised by her physician that she would not benefit from a leave of absence. Accordingly, the claimant notified her immediate supervisors of her health problems, and beginning in February, 1980, inquired into the availability of other positions with her employer. Nevertheless, the claimant was unsuccessful in her efforts to secure alternate work.

In a voluntary termination case, a claimant has the burden of proving cause of a necessitous and compelling nature for leaving her employment. *Gennaria v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 354, 461 A.2d 918 (1983). Where, as here, the burdened party has not prevailed before

---

be remanded to the Board for another hearing and reconsideration by the Board. Upon the Board's application for remission, this Court granted same. Thereafter, a hearing was held and, after consideration of the supplemented record, the Board vacated its decision, dated November 22, 1980 and issued the decision now under review.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[3] In *Fabric,* we held that when a claimant voluntarily leaves part-time employment, without cause of a necessitous and compelling nature, he is rendered ineligible for further benefits only to the extent that his benefits were decreased by virtue of his part-time earnings.

the Board, we are limited to determining whether the Board's findings are consistent with each other and with its conclusions of law, and whether they can be sustained without a capricious disregard of competent evidence. *Berardi v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 549, 458 A.2d 668 (1983). Medical problems may constitute the requisite cause for voluntarily terminating one's employment. *Gennaria.*

In support of its denial of benefits, the Board contends only that it should be affirmed because the claimant did not notify any persons in the employer's organization other than her immediate supervisors of her health problems and her resultant inability to perform her job duties.[4] The Board's brief acknowledges our Supreme Court's latest refinement of the law in this area in *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982), which eliminated the requirement that a claimant must specifically request a transfer to alternate suitable work with the employer in order to meet her burden of proof. The Board's findings of fact also acknowledge that adequate health reasons existed in this case at the time of termination to justify the claimant's termination and that she notified her immediate supervisors of her health problem. Yet, the Board now makes the unsupported assertion that she must go beyond her immediate supervisors to some higher au-

[4] The Board, in its brief, apparently foresakes, as a basis for holding the claimant ineligible, her failure to request a leave of absence even though the Board also relied on such grounds in the "Discussion" section of its decision. Even if the Board had attempted to maintain this theory, its efforts would be to no avail. We have recently held that there is no such requirement on a claimant under *Genetin. See Dornblum v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 547, 466 A.2d 747 (1983), and *Evasovich v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 395, 471 A.2d 921 (1984).

thority within the employer's organization in order to satisfy *Genetin*.[5] We do not agree.

When an employe communicates to an immediate supervisor notice of a medical condition which prevents further job performance the notice requirement of *Genetin* is satisfied. We believe that not only is such a conclusion consistent with *Genetin*, it is required by the remedial nature of the Act which mandates a broad and liberal construction. *See Schaeffer v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 634, 467 A.2d 67 (1983). Furthermore, we believe that the interpretation advanced by the Board is inconsistent therewith and that the Board erred in imposing the additional notice requirement on the claimant. *Gennaria*.

Accordingly, we must reverse the Board and remand to the Board for computation of benefits due the claimant.[6]

### ORDER

AND Now, this 5th day of April, 1984, the decision and order of the Unemployment Compensation Board of Review, dated November 30, 1981, No. B-189867-B, is hereby reversed and the matter is remanded to the Board for computation of benefits due the claimant. Jurisdiction relinquished.

---

[5] In *Central Data Control v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 465, 458 A.2d 335 (1983), we held that a claimant who has proven that an adequate health condition existed at the time of termination and that notice of such was given to the employer, need only "stand ready to accept any reasonable accommodation offered by the employer," *Id.* at 469, 458 A.2d at 338. Here, the Board found that the claimant made several attempts on her own to secure other work from the employer. Clearly, under such circumstances, she was ready to accept any reasonable accommodation from the employer had such an offer been forthcoming.

[6] Due to our reversal of the Board under Section 402(b)(1), we need not address the *Fabric* issue.