508 A.2d 630

Goettler Distributing, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 13, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Lawrence P. Lutz, Lindsay & Kemper*, for petitioner.

*Charles D. Donahue*, Associate Counsel, with him, *Charles G. Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, April 30, 1986:

Goettler Distributing, Inc. (employer) appeals an order of the Unemployment Compensation Board of Review (Board) which awarded benefits to Charlene Sedoris (claimant) on the basis that she had voluntarily

terminated her employment for cause of a necessitous and compelling nature.[1]

The Board's findings indicate that the claimant's desk at work was positioned near an air conditioning vent, that shortly after beginning her employment she began to experience sinus headaches due to the air conditioning and that she attempted to work while experiencing the headaches which, however, became progressively worse. It was further found that the claimant had been under a doctor's care for the headaches, that she had notified the employer that she was getting such headaches from her exposure to the air conditioning, that she requested that the employer move her desk away from the air conditioning vent and that the employer denied this request. The Board also found that the claimant continued to experience the sinus headaches and that she again notified the employer of her headaches four weeks before her last day of work.

The employer first contends that the Board arbitrarily and capriciously disregarded the findings of fact made by the referee, asserting that the Board made different findings based upon credibility determinations contrary to those made by the referee. It argues that the Board thereby violated our Supreme Court's decision in *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982). As the employer concedes, however, the different findings made by the Board were based upon its credibility determinations in resolving conflict in the testimony. Pursuant to *Treon,* the Board need not provide reasons for making findings

---

[1] Pursuant to Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., (1937) P.L. 2897, *as amended,* 43 P.S. §802(b), a claimant is ineligible for benefits for any week in which he is unemployed due to having voluntarily terminated his employment without cause of a necessitous and compelling nature.

different from the referee where the findings in question are based upon the resolution of conflicting evidence. Moreover, the Supreme Court has recently reiterated that the Board is the ultimate arbiter of witness credibility and, therefore, is the ultimate finder of fact where there is conflicting evidence in the record. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

The employer also contends that there was not competent evidence adduced to support the claimant's assertion of a work-related health problem justifying her voluntary termination. It argues that the claimant's own testimony and the medical certificate she offered, which stated merely that her subjective symptoms improved upon her withdrawal from work, but not that she had been advised to quit her job, were insufficient to support her claim of a work-related ailment.

We must disagree, however, noting that, pursuant to *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977), a claimant need only offer *competent* evidence to support a claim that health problems existed to justify voluntary termination. And, subsequent to *Deiss,* the Supreme Court specifically rejected the requirement that a claimant must present competent medical testimony in the nature of a physician's testimony, indicating instead that an applicant could use documents and his own testimony to support a claim for health-related unemployment benefits. *Steffy v. Unemployment Compensation Board of Review,* 499 Pa. 367, 453 A.2d 591 (1982).

The employer cites various cases in which medical documents which had been prepared following a claimant's resignation were deemed insufficient to justify the grant of benefits. We observe that the cited cases precede *Steffy* and, unlike those cases, here the Board, as the ultimate finder of fact, *accepted* the claimant's

evidence. We do not believe, moreover, that the medical document here concerned was necessarily critical to the Board's decision. We have, for example, recently cited *Steffy* for the proposition that compelling reasons for voluntary termination may be established by a claimant's "own testimony *and/or* documentary evidence." *Judd v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 372, 376, 496 A.2d 1377, 1379 (1985) (emphasis added).[2] Under such a formulation, the evidence adduced would be competent and sufficient to meet the claimant's burden of proof.

Considering the broad and liberal interpretation to be accorded the Unemployment Compensation Law, *Steffy*, we believe that the disjunctive language in *Judd* appears to express the better approach. This is particularly true where, as in the instant case, the Board accepted as credible the claimant's testimony and evidence concerning a pedestrian health problem such as her sinus difficulties, as well as her unsuccessful attempts to obtain an accommodation from the employer.

We will, therefore, affirm the order of the Board.

ORDER

AND NOW, this 30th day of April, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

[2] *Judd* concerned a situation where the claimant's life circumstances had precipitated a degree of anxiety and emotional distress severe enough to constitute cause of a necessitous and compelling nature justifying voluntary termination.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent from that portion of the majority opinion which holds that the claimant presented

competent evidence of a health-based necessitous and compelling cause for her quit.

The majority concludes that the claimant's testimony *alone* satisfies the competent evidence standard set forth in *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). As support for this, it quotes a statement in *Judd v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 372, 496 A.2d 1377 (1985), that compelling medical reasons for a quit may be established "by any competent evidence such as claimant's own testimony *and/or* documentary evidence." *Id.* at 376, 496 A.2d at 1379 (emphasis added). I cannot agree with the interpretation the majority gives to this language.

The quoted passage from *Judd* cites *Steffy v. Unemployment Compensation Board of Review*, 499 Pa. 367, 453 A.2d 591 (1982). The clear import of *Steffy* is that where the sole testimony presented by a claimant is his own, the *Deiss* competent evidence requirement may be satisfied *if* this testimony is accompanied by supporting documents.[1] The majority's interpretation of *Judd* directly conflicts with *Steffy*. Considering the *Judd* Court's reliance upon *Steffy*, I interpret the use of the disjunctive "or" in the quoted passage to mean that

---

[1] The *Steffy* Court stated: "The distinction between 'competent evidence' under Deiss and the 'competent medical evidence' requirement articulated in the opinion of the court below is vital. The former is a broader standard which allows an applicant to meet the burden *with his own testimony and supporting documents*. The latter is a more stringent requirement which could result in the denial of benefits simply because an applicant fails to provide the expert testimony of a physician even where such testimony would be superfluous or cumulative. The broader standard more effectively comports with this Court's view that the Unemployment Compensation Law must be liberally and broadly construed." *Id.* at 372, 453 A.2d at 594 (emphasis added).

a claimant may produce competent evidence consisting either of (1) his testimony *and* supporting documents, *or* (2) documentary evidence alone.[2]

I would conclude that this claimant did not produce competent evidence that her quit was necessitated by a work-related illness. Documentary evidence must "support [a claimant's] contention that *at the time of termination* his health precluded him from performing his assigned duties." *Carroll v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 62, 64, 450 A.2d 280, 281 (1982) (emphasis in original). The only document submitted here was a physician's letter stating that the claimant "relate[d] disappearance of the [headaches] since the time she quit her employment." The letter does not establish that the headaches were so severe and untreatable as to necessitate the claimant's quit. Therefore, as a matter of law, this document does not support the claimant's assertion that the headaches compelled her to resign.

Accordingly, I would reverse the Board's decision granting benefits.

---

[2] Moreover, even if the majority's interpretation of *Judd* is accurate, the quoted passage is mere dicta—and, therefore, lacks precedential value—because the *Judd* Court concluded that the ailment there (emotional distress) "was established . . . by claimant's own testimony *and documentary evidence." Id.* at 376, 496 A.2d at 1379 (emphasis added).