525 A.2d 840

Mary Ellen Still, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Thomas F. Putinsky,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 12, 1987:

Mary Ellen Still (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying Claimant benefits based on her willful misconduct. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was employed as a unit secretary by the Lemington Home for the Aged (Employer) from April 2, 1984 until she was discharged on February 27, 1985 for repeatedly refusing a work reassignment. The Board found that Claimant had originally been assigned to the second floor but had been transferred to the third floor due to a personality conflict. Employer later reevaluated its needs and reassigned Claimant to the second floor. The Board found that although Claimant objected to the reassignment on the basis that there was too much work on the second floor, she stated that she would accept the reassignment if she were given part-

time help or more money. Employer refused Claimant's requests, and on February 11, 1985, Claimant reported to work on the third floor. After refusing to go to the second floor, Claimant was sent home and suspended for three days. Following her suspension, Claimant reported to work, again on the third floor, and again was asked to go to the second floor. Claimant refused and was suspended for five days. Following this suspension, Claimant reported off work for two days and then returned to work on February 27, 1985 again reporting to the third floor. When Claimant again refused to work on the second floor she was sent to her supervisor's office and was terminated.

Claimant argues here that she had health problems which constituted good cause for her consistent refusal to work on the second floor and that the Board's critical findings of fact are not supported by substantial evidence.

In a case such as this, the employee bears the burden of establishing that she had good cause to justify her conduct. *Richner v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 572, 505 A.2d 1375 (1986). Here, the Board stated in its opinion that it discredited Claimant's medical evidence concerning her health problems because Claimant said she would accept the work assignment if she were given part-time help or more money. The Board reasoned that in light of Claimant's statement, her refusal to accept the work assignment was not due to her health problems.[1] We agree. We recognize that health problems

---

[1] Our review of the record reveals that Claimant did not actually state that she would accept the work assignment if she were given part-time help or more money. However, Claimant did testify that in a conversation with her supervisor regarding her transfer she said: "I said, Miss Smith, are you going to give me some help? I have none. I said, are you going to give me some more money? I

can certainly constitute good cause for an employee's refusal to perform certain work. *Allen v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 390, 501 A.2d 1169 (1985). However, where, as here, an employee does not inform her employer that her refusal to perform certain work is due to her health problems until after she has been suspended from work twice and is about to be discharged, we believe that that omission vitiates what might otherwise have been good cause. *See Klapec Trucking Co. v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 86, 503 A.2d 1122 (1986) (citing *Bortz v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 436, 438, 464 A.2d 609, 610 (1983) wherein this Court stated that "informative communication with the employer may be a factor in sustaining the employee's burden to establish good cause . . .").

We are aware that the parties presented conflicting testimony as to whether Claimant informed Employer of her health problems when she first refused the second floor work assignment. However, the Board found that although Employer was aware of Claimant's back problems, it was not aware of any other health problems she may have had. It is the Board's duty to make credibility determinations, *Central Data Center v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 465, 458 A.2d 335 (1983), and it is clear here that the Board chose to believe Employer's version of the

---

have been here ten months, I am still making what I was hired to make." Notes of Testimony from April 16, 1985 at 20.

We believe that the Board's error in using the word "stated" is inconsequential since we agree that Claimant did represent to Employer that she would accept the work assignment if she were given part-time help or more money.

facts. Finding substantial evidence in the record to support the Board's findings, we are bound by them. *Id*.

Accordingly, the Board's order is affirmed.

ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.