IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Marcia L. Minnig, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 756 C.D. 2018 |
| Respondent | : | Submitted: October 19, 2018 |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED:  February 8, 2019

Marcia L. Minnig (Claimant), *pro se*, petitions for review of the May 3, 2018 order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision to deny Claimant unemployment compensation benefits under Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law),[1] which provides that a claimant shall be ineligible for benefits in any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.  Upon review, we affirm.

---

[1] Section 402(b) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Claimant was employed by Alcon Research Ltd. (Employer) as a training compliance specialist from September 22, 2008 until December 13, 2017. Certified Record (C.R.) Item No. 13, Referee's Decision/Order, 3/2/18, Findings of Fact (F.F.) 1. Claimant voluntarily left her employment due to alleged health reasons. F.F. 2. Claimant subsequently submitted a claim for unemployment compensation benefits, listing "health" as her reason for quitting employment and specifically citing "highblood [sic] pressure due to stress." C.R. Item No. 2, Internet Initial Claims at 2-3. The Pennsylvania Department of Labor and Industry Office of Unemployment Compensation Benefits (Office of UC Benefits) mailed Claimant a Notice of Determination, finding that Claimant was ineligible for unemployment compensation benefits under Section 402(b). C.R. Item No. 6, Notice of Determination at 1.

Claimant timely appealed the determination of the Office of UC Benefits to a referee. Referee's Decision/Order at 1. On March 1, 2018, the referee held a hearing at which Employer presented the testimony of Sheila Scola (Scola), Employer's Human Resources Site Tech. C.R. Item No. 12, Referee's Hearing, 3/1/18, Notes of Testimony at 1. Claimant did not attend the hearing. *Id.* Scola testified that the morning of December 13, 2017, she, Claimant, Claimant's manager and Employer's Quality Site Head attended a meeting during which they "ha[d] an active dialogue and discussion regarding [Claimant's] workload and capacity" which "focus[ed] on what [Claimant's] concerns were about her job[.]" *Id.* Scola testified that Claimant did not indicate during this meeting that she intended to quit. *Id.* at 4. A follow-up meeting was set to take place the next day. *Id.* Scola further testified that continuing work would have been available to Claimant if she had returned. *Id.*

Following the hearing, the referee affirmed the Office of UC Benefits' determination, noting that although "[C]laimant admit[ted] in the Internet Initial Claims document that she voluntarily quit her job . . . for health reasons, . . . she did not appear at the hearing . . . to offer essential testimony to establish necessitous and compelling reason to quit the job for health reasons." C.R. Item No. 13, Referee's Decision/Order at 2. The referee also found that continuing work remained available at the time of separation. F.F. 3.

Claimant timely appealed to the Board, contending that she "was unable to attend the hearing due to time constraints with a family wedding on the [w]est coast," and that she "would like to present [her] testimony." C.R. Item No. 14, Appeal to Board, 3/6/18 at 1 & 4. The Board thereafter issued an order "adopt[ing] and incorporat[ing] the [r]eferee's findings and conclusions" and affirming the referee's decision and order. C.R. Item No. 15, Board's Order, 5/3/18 at 1. The Board denied Claimant's request for an additional opportunity to provide testimony, "because [Claimant] did not request a continuance or contact the [r]eferee's office in an attempt to preserve her rights," and also because "the Board [did] not consider her given reason good cause for missing a hearing without contact." *Id.* Further, the Board noted that "when [Claimant] called about the hearing being continued, she indicated she would be out of town from February 24-28, 2018, and the hearing was scheduled for March 1, 2018." *Id.*

Before this Court, Claimant presents one issue for our review, namely, whether the Board "erred in concluding that the [C]laimant is ineligible for benefits under the provisions of Section 402(b)" of the Law. Claimant's Brief at 6. Claimant asserts that the "essential testimony to establish necessitous and compelling reason to quit the job for health reasons[] . . . is presented within the

3

contents of this brief." *Id.* In her brief, Claimant argues that she "satisfied the requirement to prove good cause for quitting with no other alternative." *Id.* at 14. Claimant contends that she "informed [] [E]mployer of her health limitations prior to quitting so that [] [E]mployer could offer suitable work within [her] limitations[,]" but asserts that "[E]mployer failed to offer suitable work at [her] request." *Id.* at 15. Claimant contends that "[t]he suitability of [her] work will be determined by considering factors such as the degree of risk involved to the Claimant's health, safety and morals." *Id.* Claimant maintains that "[t]he [E]mployer created a stressful work environment (health) and demanded [that she] . . . participate in external audits while Quality Management ignored training non-conformances (morals)[,]" and also that her "request to be removed from external audits was denied." *Id.*

Initially, we note that Claimant does not challenge the Board's decision to deny her request for an additional opportunity to provide testimony. Instead, she attempts to provide that testimony for the first time to this Court in her brief. However, the averments and allegations contained in Claimant's brief do not constitute testimonial evidence. *See* Black's Law Dictionary 1704 (10th ed. 2014) (defining "testimony" as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition"). Further, and more importantly, this Court cannot consider "testimony" or other "evidence" that was not part of the record below. *See Correa v. Unemployment Comp. Bd. of Review*, 374 A.2d 1017, 1020 (Pa. Cmwlth. 1977) (stating that this Court cannot consider evidence not offered before the factfinder below).

"A claimant who voluntarily terminates his employment has the burden of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012).

4

"It is well established that medical problems can create necessitous and compelling cause to leave employment." *Lee Hosp. v. Unemployment Comp. Bd. of Review*, 637 A.2d 695, 698 (Pa. Cmwlth. 1994) (citing *Deiss v. Unemployment Comp. Bd. of Review,* 381 A.2d 132 (Pa. 1977)).

> To establish health problems as a compelling reason to quit, the claimant must (1) offer competent testimony that adequate health reasons existed to justify the voluntary termination, (2) have informed the employer of the health problems and (3) be available to work if reasonable accommodations can be made. *Genetin v. Unemployment Comp[.] B[d.] of Review*, . . . 451 A.2d 1353 ([Pa.] 1982). Failure to meet any one of these conditions bars a claim for unemployment compensation . . . .

*Ann Kearney Astolfi DMD PC. v. Unemployment Comp. Bd. of Review*, 995 A.2d 1286, 1290 (Pa. Cmwlth. 2010) (quoting *Lee Hosp.*, 637 A.2d at 698; *see also Watkins v. Unemployment Comp. Bd. of Review*, 65 A.3d 999, 1004–05 (Pa. Cmwlth. 2013) (stating that a claimant may establish the three elements outlined above "through competent and credible evidence"). "[A] claimant does not necessarily have to present expert medical evidence in order to establish that he had compelling medical reasons for terminating his employment, but instead may establish that fact by any competent evidence." *Cent. Data Ctr. v. Unemployment Comp. Bd. of Review*, 458 A.2d 335, 337 (Pa. Cmwlth. 1983). "This evidence may consist of the claimant's own testimony and/or documentary evidence." *Id.* "Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Comp. Bd. of Review*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997).

Here, Claimant, the party with the burden of proof, failed to provide competent evidence to support her claim. The Board, in adopting the referee's decision, stated that Claimant admitted that she voluntarily quit her job. C.R. Item No. 13, Referee's Decision/Order, 3/2/18 at 2. However, the Board noted that although Claimant stated in her Internet Initial Claims form that she quit for health reasons, "she did not appear at the hearing to offer essential testimony to establish necessitous and compelling cause to quit the job for health reasons." C.R. Item No. 13, Referee's Decision/Order, 3/2/18 at 2. Although the referee admitted Claimant's Internet Initial Claims form into the record during the hearing, this document alone does not constitute competent evidence because it is uncorroborated hearsay. In administrative proceedings, "[h]earsay evidence, [a]dmitted without objection, will be given its natural probative effect and may support a finding of the Board, [i]f it is corroborated by any competent evidence in the record, but a finding of fact based [s]olely on hearsay will not stand." *Walker v. Unemployment Comp. Bd. of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976). Claimant did not appear at the hearing to corroborate the statements contained in her Internet Initial Claims form. Consequently, there was no competent evidence in the record to corroborate this hearsay evidence and, therefore, no competent evidence of record to establish that Claimant quit for health reasons. *See Singletary v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 845 C.D. 2010, filed Nov. 19, 2010), slip op. at 6 (holding that a claimant could not rely on two signed questionnaires to establish that she had a health issue constituting necessitous and compelling cause to quit her employment when the claimant did not appear at the hearing to testify regarding her statements in the questionnaires, such that there was no competent evidence in the record to

6

corroborate the hearsay documentation).[2]  Thus, because Claimant failed to provide competent evidence to establish that adequate health reasons existed to justify her voluntary quit, Claimant cannot sustain her burden to establish that she had necessitous and compelling cause to quit her employment.  *See Ann Kearney*, 995 A.2d at 1290.  Therefore, the Board did not err in affirming the referee's decision to deny Claimant unemployment compensation benefits.

   Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[2] Although not binding, this Court's unreported memorandum opinions may be cited for persuasive value.  Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

Marcia L. Minnig,                :
            Petitioner         :
                                  :
             v.                     :
                                  :
Unemployment Compensation    :
Board of Review,              :     No. 756 C.D. 2018
            Respondent      :

## O R D E R

AND NOW, this 8th day of February, 2019, the May 3, 2018 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge