Kathryn Berardi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

550

*Janet L. Braun,* for appellant.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, April 21, 1983:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision which denied unemployment compensation benefits to Kathryn Berardi (Claimant) on the ground that she had terminated her employment without cause of a necessitous and compelling nature, and was thus disqualified from receiving benefits by the provisions of Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). We affirm.

Claimant was last employed as a desk clerk for the Star-Lite Motel, a position she held for approximately fourteen months. On April 16, 1981, Claimant's last day of work, Claimant became upset with the motel manager, Ms. Sylvia Raveglia, told her "you know what you can do with this job," and left work twenty to forty minutes before her scheduled quitting time. Claimant subsequently applied to the Office of Employment Security (Office) for unemployment compensation benefits alleging that she had been compelled to quit her job because she had been harassed by Ms. Raveglia. The Office subsequently

denied benefits, however, and Claimant appealed to a referee. At a hearing on this matter, conducted on May 22, 1981, Claimant testified that during the course of her employment at the motel, Ms. Raveglia had used loud and profane language, and had questioned her on various occasions about activities at the motel in such a manner that Claimant felt she was being unjustly accused of being a drunk, of not properly supervising the motel maids, of stealing from the motel, and of carrying on an affair with the maintenance man. Claimant further testified that Ms. Raveglia had, on one occasion, while talking to the motel's owner in Claimant's presence, referred to the motel's staff as "bitches." Ms. Raveglia, for her part, testified that she had questioned Claimant about motel "check-ins" and the loss of items around the motel, but had not intended to convey the impression that she thought Claimant was responsible. Ms. Raveglia further testified (1) that she had instructed Claimant on one occasion to not display any affection towards the maintenance man when guests were present, since she had received a report that the maintenance man had kissed Claimant, (2) that she had asked Claimant on her last day of work if she had been out drinking the night before with a particular maid who was absent from work, simply out of curiosity since she knew Claimant was a friend of the maid, (3) that she didn't remember calling the motel staff "bitches", and (4) that she was very surprised when Claimant walked off her job, since she thought her relationship with Claimant was generally good. After reviewing this evidence, the referee made extensive findings of fact which, *inter alia,* noted that Claimant felt that she had been accused of stealing, of being a drunk, and of carrying on an affair with the maintenance man. The referee further found,

however, that while Ms. Raveglia "has a tendency to express herself in a loud tone of voice and to use some profanity[,]" she

> never accused the defendant of stealing, referred to her as a "bitch" or a "drunk" and did not accuse her of having an affair with the maintenance man. Rather, this was the interpretation claimant placed on various things which the manager actually said. Therefore, although the claimant may have been upset by the manager's boisterousness and profanity, the Referee does not believe the manager's actions and words gave claimant cause of a necessitous and compelling reason for voluntarily leaving her employment.

The Board subsequently adopted the referee's decision without the taking of any additional evidence, and the present appeal followed.

It is well established, of course, that the claimant has the burden of establishing that he or she terminated his or her employment for cause of a necessitous and compelling nature. *Gaiser v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 259, 423 A.2d 57 (1980). It is equally well established that

> [w]here, as here, the person with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether the Board's findings are consistent with each other and with the Board's conclusions of law and its order, and whether they can be sustained without a capricious disregard of competent evidence.

*Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448, 450, 414 A.2d 757, 758 (1980).

Before this Court, Claimant alleges that the Board erred as a matter of law by concluding from its findings that she did not have cause of a necessitous and compelling nature for terminating her employment. We disagree.

To establish cause of a necessitous and compelling nature for terminating employment a claimant must demonstrate that "his conduct was consistent with ordinary common sense and prudence and that the circumstances which prompted the severance of the employment relationship were 'real not imaginary' 'substantial not trifling' and 'reasonable not whimsical.' " *Treon v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 412, 416-17, 421 A.2d 525, 527 (1980), *rev'd on other grounds,* Pa. , 453 A.2d 960 (1982). Here, the reasons Claimant offered for terminating her employment were (1) that she was being unjustly accused by Ms. Raveglia of stealing, drinking, and carrying on an affair with the maintenance man, and (2) that Ms. Raveglia had indirectly called her a "bitch." The Board specifically found, however, based on substantial evidence of record, that Ms. Raveglia had not accused Claimant of any misconduct, and had not called her a "bitch." While the Board also found that Claimant had "inferred" from Ms. Raveglia's questions that she was being unjustly accused of misconduct, and although, as Claimant correctly notes, a claimant need not indefinitely subject herself to unjust accusations and abusive conduct, *Gordon v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979), we do not believe that Claimant's conclusion in the present case that she was being accused of misconduct constituted a "real not imaginary," "substantial not trifling." or a "reasonable not whimsical" reason for terminating her em-

ployment. *Treon.* Instead, we believe that the present case is indistinguishable from our decision in *McNeil v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980) where we stated the following: "At best, Claimant only demonstrated his *belief* that he was being harassed, discriminated against, and defamed. Claimant's unsubstantiated beliefs and allegations do not rise to the level of compelling reasons for his decision to resign." *Id.* at 319, 414 A.2d 729 (emphasis in original).

ORDER

Now, April 21, 1983, the order of the Unemployment Compensation Board of Review, Decision No. B-197675, dated July 28, 1981, is affirmed.