. **FIRST FEDERAL SAVINGS BANK, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 2008.

Decided Oct. 2, 2008.

Because the argument was not raised by Hyer, we will only examine the similarity of the B20 code to 75 Pa.C.S. § 1606(c)(1).

April Morgan Hincy, Canonsburg, for petitioner.

Maribeth Wilt-Seibert, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

First Federal Savings Bank (Employer) petitions for review of the order of the Unemployment Compensation Board of Review (Board), which reversed the referee's decision and determined that under Section 402(b) of the Unemployment Compensation Law (Law), Rosemarie Bergstedt (Claimant) was eligible for benefits because she had a necessitous and compelling cause for voluntarily leaving her employment.[1] We affirm.

Claimant, after working approximately twenty-eight years for Employer, quit her employment on June 13, 2007. Claimant applied for unemployment benefits, which application was denied by the job center. Claimant appealed to the referee, who conducted a hearing. The referee affirmed the job center and denied Claimant bene-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week:

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in "employment" as defined in this act....

fits concluding that she left her employment without cause of a necessitous and compelling nature for doing so. Claimant appealed to the Board which reversed the referee and granted Claimant benefits. The Board concluded that Claimant was subject to intolerable working conditions and, as such, had voluntarily left her employment for cause of a necessitous and compelling nature. In granting Claimant benefits, the Board made the following relevant findings of fact.

Claimant worked for Employer as vice president of deposit service. On September 19, 2005, a few years prior to her separation, Employer implemented a new management team. Approximately one year later, Employer's management team hired a senior vice president, Bill Nelson (Nelson). Nelson sold a product to customers called Med–Cash, which enabled clinics or surgical centers to sell their accounts receivable to Employer and Employer would then wait for reimbursement from the insurance companies.

Claimant chaired committee meetings, the goal of which was to bring Employer better technology and to bridge the old and new managements together. During these meetings, Nelson was characterized as being disruptive, defiant, argumentative and also engaged in outbursts. Nelson was also nonproductive and his total input at the meetings was for himself or his job. Further, Nelson was disrespectful toward Claimant in that in front of other employees he told her that she did not know what she was doing. and that she shrugged responsibilities.

Six to eight months prior to quitting her employment with Employer, Claimant complained to a member of senior management, Patrick O'Brien (O'Brien), regarding

Nelson's behavior towards her. Senior management did not address Nelson's behavior and it continued. Even though her previous complaints had failed to result in any improvement regarding Nelson's behavior, Claimant again complained to O'Brien three to four days before tendering her resignation to Employer. Claimant also asked O'Brien to meet with Claimant and Nelson, in an attempt to resolve the issues Claimant was having with Nelson, but this failed to occur. Claimant also discussed the problems she was having with Nelson with Robert Barry, the chief financial officer, who said that he would speak to John Robinson (Robinson), Employer's president.

Claimant worked to the best of her ability and was, according to Employer, a valued employee. However, Robinson, in response to Claimant's concerns, called a meeting wherein he attacked Claimant's leadership skills and competency, and referred to the old management team, of which Claimant was a part, as criminals. Additionally, during the meeting, Robinson subjected Claimant to discipline but refused to permit Claimant to respond, kept yelling at Claimant, and told Claimant to leave his office.

The Board determined that Claimant was unjustly reprimanded with abusive language and was unable to respond to the discipline imposed upon her. The Board further found that Claimant was subject to unwarranted criticism and ridicule from Nelson. As a result, the Board concluded that Claimant was subject to intolerable working conditions and as such, had voluntarily quit her employment for cause of a necessitous and compelling nature. Employer now petitions our court for review.[2]

---

**2.** Our review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Re-*

On appeal, Employer contends that the Board erred in making findings of fact and conclusions that were not supported by substantial evidence and in determining that Claimant had demonstrated cause of a necessitous and compelling nature for voluntarily resigning her employment.

■ We will first consider whether the Board made erroneous findings of fact and conclusions which are not supported by substantial evidence of record. Employer initially contends that the Board's finding that senior management personnel, to whom Claimant addressed her concerns, failed to address such concerns about Nelson, is not supported by substantial evidence.[3] Employer argues that such findings by the Board contradict those made by the referee. We observe, however, that where, as here, the Board makes its own findings of fact, it is the Board's rather than the referee's findings that are subject to this court's review. *Viglino v. Unemployment Compensation Board of Review,* 105 Pa.Cmwlth. 616, 525 A.2d 450 (1987). However, where the referee's findings are based on uncontradicted evidence, the Board may not disregard those findings unless it sets forth its reasons for reversal or the reasons for the reversal are clear. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

Although Employer maintains that Claimant's concerns were addressed, Claimant testified otherwise. Thus, because both parties presented evidence on the issue, the Board did not disregard uncontradicted evidence and *Peak* does not apply.

■ Moreover, there is substantial evidence to support the findings made by the Board. The Board is the ultimate

finder of fact and "the findings of the Board as to facts, if supported by the evidence are conclusive." *Unemployment Compensation Board of Review v. Ruffel,* 18 Pa.Cmwlth. 512, 336 A.2d 670 (1975). However, "[a]lthough the weight to be given the evidence and the credibility to be afforded the witnesses are within the province of the Board as finder of fact ... such a body is not free to ignore the overwhelming evidence in favor of a contrary result not supported by the evidence." *Borello v. Unemployment Compensation Board of Review,* 490 Pa. 607, 618–19, 417 A.2d 205, 211 (1980).

Here, the Board's findings of fact that Claimant voiced concerns about a co-worker who was disruptive in meetings, defiant and engaged in outbursts and that her concerns were not addressed by management are supported by the following testimony of Claimant, whose testimony was credited by the Board.

CL Did you voice concerns to senior management about Mr. Nelson's treatment of you?

C Several times.

CL Can you tell us what complaints you voiced and to whom?

C To Patrick O'Brien, I voiced a complaint regarding Mr. Nelson's behavior.

. . . .

CL To your knowledge, did Mr. O'Brien take any action with respect to your complaints?

C I would say obviously not, since Mr. Nelson continued.

(R.R. at 10a, 11a.)

Additionally, Employer argues that the Board erroneously found that the meeting held by Robinson was disciplinary in na-

*view,* 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987).

3. Board's Finding of Fact Nos. 10 and 16.

ture and that during such meeting, Robinson did not let Claimant respond and kept yelling at Claimant. As such, Employer further asserts that the Board erred in concluding that Claimant was unjustly reprimanded and subjected to abusive conduct.

In this case, the Board found Claimant to be credible and resolved conflicts in the testimony, in relevant part, in Claimant's favor. In doing so, the Board concluded that Claimant quit her employment due to intolerable working conditions. As found by the Board, Nelson was not only a disruptive employee but "engaged in outbursts, was talking, defiant and argumentative, and was quite disrespectful to the claimant personally." Board's Findings of Fact (F.F.) No. 6. Additionally, the Board found that Claimant had voiced her concerns regarding Nelson's behavior towards her to senior management personnel on several occasions. F.F. No. 8. "In response to the claimant's concerns, the employer [Robinson] called a meeting and attacked the claimant's leadership skills and competency. He also referred to the old management team as criminals. This included the claimant as she was part of the old management team." F.F. No. 17. Based upon a careful review of the record, we agree with the determinations made by the Board.

 Employer next argues that the Board's findings of fact do not demonstrate that Claimant left her work due to a necessitous and compelling cause. Under Section 402(b) of the Law, if a claimant has voluntarily terminated her employment, the claimant has the burden to demonstrate that her cause for doing so was of a necessitous and compelling nature. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977). In showing a necessitous and compelling cause, the claimant must establish that "1) circumstances existed which produced real and substantial pressure to terminate employment; 2) like circumstances would compel a reasonable person to act in the same manner; 3) she acted with ordinary common sense; and 4) she made a reasonable effort to preserve her employment." *Central Dauphin School District v. Unemployment Compensation Board of Review,* 893 A.2d 831, 832 (Pa.Cmwlth.2006) (citation omitted). In other words, "it can be said that 'good cause' for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor,* 474 Pa. at 358–59, 378 A.2d at 832–33. Perhaps most important to the present case, it is well established that "a claimant need not indefinitely subject herself to unjust accusations and abusive conduct." *Berardi v. Unemployment Compensation Board of Review,* 73 Pa.Cmwlth. 549, 458 A.2d 668, 670 (1983). However, "[r]esentment of a reprimand, absent unjust accusations, profane language or abusive conduct ... mere disappointment with wages ... and personality conflicts, absent intolerable working atmosphere ... do not amount to necessitous and compelling causes." *Lynn v. Unemployment Compensation Board of Review,* 58 Pa.Cmwlth. 178, 427 A.2d 736, 737 (1981).

Employer maintains that neither Claimant's meeting with Mr. Robinson nor her association with Mr. Nelson amounted to intolerable working conditions and that they did not create real or substantial pressure for Claimant to terminate her employment with Employer.

In *Berardi,* our Court affirmed the denial of benefits to a claimant based on the

absence of a necessitous and compelling reason for terminating her employment. This Court, in *Berardi*, denied benefits because the claimant had only demonstrated a belief that she had been unjustly accused, and as such, her allegations did not rise to the level of necessitous and compelling cause to terminate employment.

Here, however, unlike *Berardi*, Claimant demonstrated more than a mere belief of unjust accusation, as the Board concluded that Claimant was, in fact, unjustly reprimanded with abusive language and that Claimant was subjected to intolerable working conditions. Board's Opinion, at 3. The Board further determined that Claimant "could not respond to discipline and was subject to criticism and ridicule from a senior vice president that was uncalled for and incorrect." *Id.* We agree with the Board's conclusion that such circumstances existed which produced real and substantial pressure for Claimant to terminate her employment and that a reasonable person in the same circumstances would have acted similarly.

■ Employer further argues that Claimant failed to demonstrate that she made a sufficient effort to preserve her employment. Claimant, in meeting her burden of establishing that she had a necessitous and compelling reason for quitting her employment, "must take common sense action to obviate the problem so that ... she does not have to terminate employment, and this is accomplished by informing one's superiors of the harassing,

humiliating or abusive conduct." *Porco v. Unemployment Compensation Board of Review,* 828 A.2d 426, 428 (Pa.Cmwlth. 2003).

Employer argues that Claimant failed to follow Employer's proper procedure regarding employee complaints, wherein employees are to direct their complaints to their direct supervisor or to Human Resources. In the present case, however, Claimant was found to have made attempts on various occasions to preserve her employment relationship with Employer without success.[4] We agree with the Board that Claimant took her concerns regarding Nelson to senior management officials and further conclude that Claimant was reasonable in doing so.[5] As a result, the Board's determination that Claimant had attempted to communicate her concerns to Employer is supported by substantial evidence. The Board did not err in determining that Claimant had a necessitous and compelling cause for voluntarily terminating her employment.

Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 2nd day of October, 2008, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

4. Moreover, according to Claimant she took her concerns regarding Nelson to senior management officials, as opposed to her direct supervisor, because her supervisor was below the senior vice president, in Employer's chain of command.

5. With regard to Claimant's notification to Employer regarding Robinson's unjust accu-

sations and reprimands towards her, Robinson is the President of the company and therefore, Claimant was unable to speak with a higher authority and had no other readily available alternative for notifying Employer of intolerable working conditions, as required to preserve the employment relationship.