**James J. FIEDLER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 25, 2011.

Decided April 18, 2011.

James J. Fiedler, pro se.

Erin K. Boylan, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

James J. Fiedler (Claimant) petitions, *pro se,* for review of the August 16, 2010, order of the Unemployment Compensation Board of Review (UCBR), which reversed the referee's decision to grant him unemployment compensation benefits. The UCBR determined that Claimant was not entitled to benefits under section 402(b) of the Unemployment Compensation Law

(Law) [1] because he left work without cause of a necessitous and compelling nature. We reverse.

Claimant and his wife resided in Fogelsville, Pennsylvania, for thirteen years. (UCBR's Findings of Fact, No. 2.) Claimant was unemployed and unable to find work in Pennsylvania, so he broadened his job search to include positions in Oklahoma. (UCBR's Findings of Fact, No. 3.) On November 1, 2008, Claimant's twenty-year-old son was killed in a car accident. (UCBR's Findings of Fact, No. 4.)

In December 2008, Claimant accepted an offer to work as an Operations Manager for Advance Food Company (Employer) in Enid, Oklahoma, beginning on January 5, 2009. (UCBR's Findings of Fact, Nos. 1, 5, 8.) Claimant purchased a home in Oklahoma and intended to work there for at least five years; his wife, who was a teacher, intended to work for another two years in Pennsylvania before retiring and joining Claimant in Oklahoma. (UCBR's Findings of Fact, No. 6.) Claimant's twenty-five-year-old son and twenty-seven-year-old twin daughters resided in Pennsylvania. (UCBR's Findings of Fact, No. 7.)

In January 2010, Claimant gave Employer notice of his intent to resign, offering to stay until Employer could secure a replacement for him. (UCBR's Findings of Fact, No. 8.) Claimant resigned because he was having emotional difficulties due to his son's death and no longer wished to be separated from his family in Pennsylvania. (UCBR's Findings of Fact, No. 8.)

Upon returning to Pennsylvania, Claimant filed a claim for unemployment benefits, which was denied. Claimant filed an appeal, and a hearing was held before a referee. Claimant argued before the referee that his resignation was due to a necessitous and compelling cause, and the referee agreed. The referee, finding that "[t]he claimant shared with the employer the emotional difficulties he was having trying to cope with the loss of his child," (Referee's Findings of Fact, No. 8), explained:

> The claimant was physically separated from his family while attempting to come to terms with the tragic loss of his son. The claimant continued working until it became too emotionally painful to continue without the support of his family. The claimant's family circumstances produced pressure for him to terminate employment that was both real and substantial, and would compel a reasonable person under similar circumstances to act in the same manner. The claimant's voluntary termination of his employment was, therefore, due to necessitous and compelling reasons....

(Referee's Decision, 5/26/10, at 2.) Thus, the referee concluded that Claimant was eligible for benefits.

Employer appealed to the UCBR, which reversed the referee's decision, explaining as follows:

> Here, the claimant resigned after one year of work and moved back to Pennsylvania because he was having emotional difficulties due to his son's death and no longer wished to be separated from his family. The claimant failed to present competent, credible evidence or testimony demonstrating that he took reasonable steps to preserve the employment relationship. The Board recognizes the claimant's desire to reunite

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act...." 43 P.S. § 802(b).

with his wife and children in order to cope with a tragic loss. Nevertheless, the claimant's personal decision to relocate does not qualify as a necessitous and compelling cause for leaving employment. (UCBR's Opinion, 8/16/10, at 2.) Claimant now petitions for review of that decision.[2]

■ The claimant has the burden of proving that the cause he asserts for voluntarily leaving employment is of a necessitous and compelling nature. *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 816 (Pa.Cmwlth.2008), *appeal denied*, 601 Pa. 685, 970 A.2d 1148 (2009). To show a necessitous and compelling cause, the claimant must establish that: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) like circumstances would compel a reasonable person to act in the same manner; (3) he acted with ordinary common sense; and (4) he made a reasonable effort to preserve his employment. *Id.*

■ Claimant argues that the UCBR erred in concluding that his decision to return to Pennsylvania to reunite with his family in order to cope with a tragic loss does not constitute necessitous and compelling cause to leave his employment. We agree.

In *Beachem v. Unemployment Compensation Board of Review*, 760 A.2d 68, 71 (Pa.Cmwlth.2000), this court held that if a claimant leaves employment when compelled to do so by family obligations, then the claimant is entitled to benefits. In that case, the claimant voluntarily terminated his employment in Alabama to return home to Pennsylvania to help support his eleven-year-old son who was having emotional and behavioral problems while his father was away. This court held that the claimant had a necessitous and compelling cause for terminating his employment "in order to care for his emotionally or behaviorally disturbed child." *Id.* at 72.

The only distinction between *Beachem* and this case is that Claimant, not a family member, was having emotional problems. Thus, the pressure on Claimant in this case may have been greater than the pressure on the claimant in *Beachem*. Moreover, a reasonable person unable to cope with a tragic loss due to separation from his family would be compelled to act as Claimant did here, as would a person with ordinary common sense, by reuniting with his family.

■ Claimant next argues that the UCBR improperly found that Claimant failed to take reasonable efforts to preserve his employment. We agree.

The UCBR stated that Claimant "failed to present competent, credible evidence or testimony demonstrating that he took reasonable steps to preserve the employment relationship." (UCBR's Opinion, 8/16/10, at 2.) However, Claimant testified that he told Employer that he was leaving because "[e]motionally I could not handle separation from my family since my son's passing." (N.T., 5/25/10, at 4.)

> Emotionally it was hard. I was alone out there a lot and when my wife went back home to teach for the school year back in August, emotionally I broke down somewhere in October and Jeff Helm (phonetic), the vice president there at Advance was on the phone, consoled me, gave me a book to read to help me get through this. You know,

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

everybody there on both sides knew ... the circumstances.[3]

(*Id.* at 7, 10.) Based on this competent testimony, the referee found that "[t]he claimant shared with the employer the emotional difficulties he was having trying to cope with the loss of his child." (Referee's Findings of Fact, No. 8.) However, the UCBR, without comment, disregarded this referee's finding.

In *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 461, 453 A.2d 960, 962 (1982), our Supreme Court stated that if the UCBR determines that particular findings of the referee are inconsistent, incredible or unsupported by the evidence, then the UCBR must indicate such finding. "The [UCBR] may not, however, simply disregard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reasons for doing so." *Id.* When the UCBR does so, the appellate court may reinstate the finding. *Id.* Thus, we reinstate the referee's finding that Claimant shared his difficulties with Employer, and we conclude that Claimant took reasonable efforts to preserve his employment.

Accordingly, we reverse.

### ORDER

AND NOW, this 18th day of April, 2011, the order of the Unemployment Compensation Board of Review, dated August 16, 2010, is hereby reversed.

---

**3.** Employer presented no evidence to refute this testimony. Employer's only witness did not testify regarding her work relationship with Claimant, stating merely that she was unaware of the reasons for Claimant's resignation. (N.T., 5/25/10, at 11.)