# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Aeisha Dillard, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 2010 C.D. 2014 |
| | : Submitted: June 12, 2015 |
| Unemployment Compensation | : |
| Board of Review, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
                   HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                    **FILED:  July 31, 2015**

Aeisha Dillard (Claimant) petitions, *pro se,* for review of the August 25, 2014 order of the Unemployment Compensation Board of Review (Board) denying her unemployment compensation benefits.  The Board adopted and incorporated the findings and conclusions of the referee, who determined that Claimant had voluntarily reduced her hours from full-time to alternate weekends and therefore was not "unemployed" for purposes of Sections 401 and 4(u) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801 and 753(u).

Claimant has been employed with Tucker House Nursing Home (Employer) since August 2011; she worked full-time as a certified nursing assistant on the third shift, from 11p.m. until 7a.m., until March 16, 2014. (Record Item (R. Item) 9, Referee's Decision/Order, Findings of Fact (F.F.) ¶¶ 1-2.) Claimant has a teenage daughter with behavioral issues, and in order to be home to care for her at night, she applied for a position at the nursing home for a daytime shift, but was not offered such position. (*Id.*, F.F. ¶¶ 5-6.) On March 16, 2014, Claimant informed Employer that she would no longer be able to work full-time on the overnight shift, and requested a reduction in hours, at a position referred to as "on call Certified Nursing Assistant" wherein she would work from 11p.m. until 7a.m. on alternate weekends. (*Id.*, F.F. ¶¶ 7-11.) Claimant was offered this position, and continues to work every other weekend. (*Id.*, F.F. ¶ 10.)

Claimant filed for unemployment compensation benefits and the Department of Labor and Industry (Department) issued a Notice of Determination approving benefits, noting that Employer had not provided evidence showing that Claimant had restricted her own working hours. (R. Item 4, Notice of Determination.) Employer appealed, and a hearing was held before the referee; Claimant and Employer's Human Resources Manager testified. The referee reversed the Department's decision, reasoning that Employer's witness provided competent and credible testimony and documentary evidence that established that Claimant's hours at work were reduced at her own request. (R. Item 9, Reasoning.) The referee concluded that Claimant could not therefore be considered unemployed, as she continues to work as per her "new normal part-time work week," due to her restricting her own work hours. (*Id.*) Claimant appealed

2

to the Board, and the Board affirmed the decision of the referee. (R. Item 11, Board's Order.) Claimant now appeals to this Court.[2]

Section 401 of the Law provides, in relevant part, that "compensation shall be payable to any employe who is or becomes unemployed…" and Section 4(u) defines "unemployed" as follows:

> An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or is payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) **with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.**

43 P.S. § 753(u) (emphasis supplied.) Although the Law does not define "full-time" work, Section 65.73 of the Pennsylvania Unemployment Compensation Regulations states:

> (a) a claimant's full-time work for purposes of section 4(u) of the law (43 P.S. § 753(u)) shall be determined in accordance with the following:
> . . .
>
> (4) If a claimant voluntarily leaves employment to accept new employment that provides fewer hours of work, that number of hours constitutes the claimant's full-time work.

---

[2] In an unemployment compensation appeal, this Court's scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Diehl v. Unemployment Compensation Board of Review (ESAB Group, Inc.)*, 57 A.3d 1209, 1216 (Pa. 2012).

(5) If a claimant limits the number of hours per week the claimant will work, that number of hours constitutes the claimant's full-time work.

34 Pa. Code § 65.73(a)(4), (5).

Claimant argues that after she applied for, but did not receive an offer for work with Employer on the day shift, she had no choice but to request to reduce her hours given her daughter's major behavioral problems and the necessity that she remain at home at night to provide adequate supervision for her daughter. Claimant asserts that her reduction in hours should not make her ineligible because she had necessitous and compelling circumstances under Section 402(b) of the Law.[3] Where the termination of employment is voluntary, a claimant has the burden to demonstrate that it was for a necessitous and compelling reason or the claimant will be ineligible for unemployment compensation. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 833 (Pa. 1977). To show a necessitous and compelling reason, a claimant must establish that: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) like circumstances would compel a reasonable person to act in the same manner; (3) she acted with ordinary common sense; and (4) she made a reasonable effort to preserve her employment. *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 816 (Pa. Cmwlth. 2008), *appeal denied*, 970 A.2d 1148 (Pa. 2009). Whether a claimant has a cause of a necessitous and compelling nature to voluntarily leave employment is a question of law subject to this Court's plenary review. *Pennsylvania Gaming Control Board v. Unemployment Compensation Board of Review*, 47 A.3d 1262,

---

[3] Section 402(b) of the Law provides, in pertinent part, that an employee shall be ineligible for benefits during any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. § 802(b).

4

1265 (Pa. Cmwlth. 2012); *Sturpe v. Unemployment Compensation Board of Review*, 823 A.2d 239, 242 (Pa. Cmwlth. 2003).

Here, neither the referee nor the Board addressed the "necessitous and compelling" standard, or considered Section 402(b) of the Law in determining that Claimant was ineligible for benefits. Employer's Human Resources Manager offered into evidence a March 16, 2014 letter from Claimant to Employer in which she notified Employer that effective March 23, 2014, she would no longer be available to work the full-time third shift, but would be willing and able to work the 11p.m. to 7a.m. shift on weekends. (R. Item 8, Referee's Hearing, Transcript of Testimony (H.T.), Exhibit E-1.) In the letter to Employer, Claimant mentions her desire to obtain a position during the daytime hours, but does not indicate any reason for making such a request. The Human Resources Manager testified that continuing full-time work was available to Claimant on the third shift. (*Id.*, H.T. at 7.) The referee questioned Claimant about the reasons for her decision to work on alternate weekends, and Claimant described an ongoing situation with her daughter, indicating that she also elected to restrict her hours for a period beginning in 2012, when her daughter's issues first arose.[4] Although we acknowledge the difficult situation faced by Claimant, we are constrained to reject her argument that she established a necessitous and compelling reason to reduce her hours. It was her burden to prove she communicated to Employer that her daughter's problems prevented her from working a full-time night shift. Claimant

---

[4] Claimant also offered into evidence an Applicant's Letter of Intent form she completed in 2012, after she had restricted her hours with Employer for the previous six months, and was then submitting a new application for either a 7am-3pm shift or a 11pm-7am shift; on the form, she states: "As you know, I dropped down six months ago because my daughter has been out of control. It's not what I wanted to do but what I had to do. I ask that you please consider me for the [daytime] position it would really work out better for me at home…" (R. Item 8, Referee's Hearing, Exhibit C-1.)

5

offered no evidence whatsoever that she attempted to apprise Employer of her situation at the time she voluntarily restricted her hours in March 2014 and the Board made no finding that she communicated the reason for her requested change of hours to Employer.

Substantial evidence supports the Board's finding that Claimant initiated her reduction in hours and continues to work per the normal work week she established; she cannot therefore be considered unemployed. As such, we find the Board's determination that Claimant is ineligible for benefits to be proper.

Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aeisha Dillard,                              :
                                             :
                    Petitioner               :
                                             :
          v.                                 :  No. 2010 C.D. 2014
                                             :
Unemployment Compensation                    :
Board of Review,                             :
                                             :
                    Respondent               :

## **O R D E R**

AND NOW, this 31st day of July, 2015, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**