# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Schmidt,                       :
                    Petitioner         :
                                       :
        v.                             :    No. 659 C.D. 2024
                                       :
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :    Submitted: May 6, 2025


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED:  June 5, 2025


Richard Schmidt (Claimant) petitions this Court for review of a March 22, 2024 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of Referee Jay Apfelbaum to deny Claimant's application for unemployment compensation (UC) benefits.  Claimant argues that the Board's Order is unsupported by substantial evidence and that he was unfairly disadvantaged by technical issues during an evidentiary hearing.  Upon review, we affirm the Board.


## I.  Background

Following his dismissal from Globe International Corporation (Employer), Claimant applied for UC benefits on September 11, 2022, and was found eligible with a weekly benefit rate of $495.00.  Certified Record (C.R.) at 17.   On September

14, 2023, Claimant submitted another application for UC benefits, in which he acknowledged that he had not worked since September 7, 2022. *Id.* at 18. The service center issued an October 13, 2023 determination that Claimant no longer qualified for UC benefits, explaining that he had "earned $0.00 in covered employment since the effective date of the previous claim." *Id*. at 32. Claimant appealed from the service center determination on October 18, 2023, asserting that he had earned income in the previous year that rendered him eligible. *Id.* at 46. Attached to the appeal was a stub from a July 26, 2023 paycheck in the amount of $6,011.51. *Id.*; *see also id.*, Item No. 8, Claimant's Ex. 1. After the appeal was assigned to Referee Apfelbaum, the Board issued Claimant written notice of a telephone hearing scheduled for December 13, 2023 at 8:30 a.m. *Id.* at 62.

At the specified day and time, Referee Apfelbaum called and spoke with Claimant at the number listed as his primary telephone number to conduct the hearing. *Id.* at 96. When asked about the pay stub attached to his appeal, Claimant explained that it was for his "last work before [he] left." *Id.* at 97. When asked again to clarify, Claimant repeated that it was for his "last couple of days there working." *Id.* Claimant then explained that he last worked for Employer on September 7, 2022, when he was dismissed for failing to take a drug test that he believed was only required after he reported alleged work hazards to federal authorities. *Id.* at 98. Referee Apfelbaum asked Claimant to clarify that he stopped working for Employer in September 2022, to which Claimant replied: "Yeah, it was last year." *Id.* When asked if he worked for anyone between September 2022 and September 2023, Claimant initially answered, "Yes," but, after Referee Apfelbaum rephrased the question, Claimant then answered: "No . . . I haven't been back there since that time. If that's what you're asking." *Id.* Referring again to the July 2023

2

pay stub, Claimant stated: "But the paycheck was from the work I did before I left, you know what I mean?" *Id.* Later in the hearing, Referee Apfelbaum asked Claimant again about the July 2023 pay stub as follows: "It's not [for] work you did in July. It's [for] work you did before you left in September of 2022. It just took forever for them to get around to paying you." *Id.* at 100. Claimant replied: "Yeah. Right. Yes." *Id.*

In a December 15, 2023 decision, Referee Apfelbaum affirmed the service center's determination and found that Claimant did not qualify for benefits. *Id.* at 106. Referee Apfelbaum explained that, under Section 4(w) of the Unemployment Compensation Law (UC Law),[1] a claimant who applies for benefits after the termination of a preceding benefit year must have worked *and* earned wages amounting to at least six times his weekly benefit rate from the previous year. *Id.* at 105. In this case, Referee Apfelbaum reasoned, Claimant received a check on July 26, 2023, for compensation already owed, but had not performed any work since his September 2022 dismissal. *Id.* Referee Apfelbaum therefore had "no[] choice but to find that Claimant did not file a valid claim." *Id.*

Claimant appealed to the Board on December 26, 2023, newly asserting that the July 2023 paycheck was "for work completed between September 2022 and September 2023." *Id.* at 117. In support of his assertion, Claimant reasoned that the paycheck had to have been compensation for work performed in 2023, since the check was issued that year and had to be included in Claimant's income taxes for that year. *Id.* Claimant did not raise any other issues in his appeal to the Board.

In its March 22, 2024 Order, the Board affirmed Referee Apfelbaum's decision. *Id.* at 129. In the Board's view, Claimant's assertion that the 2023

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(w).

paycheck rendered him eligible for UC benefits was contradicted by his earlier admission "that the payment was for work he had done with [Employer] *prior* to his final date of work." *Id.* at 130 (emphasis in original). "The [UC] law requires not just payment, but also that the work be performed during the relevant time period" to render a claimant eligible for benefits, the Board reasoned. *Id.*

In a March 25, 2024 request for reconsideration, Claimant asserted that he was unprepared for the telephone hearing with Referee Apfelbaum because he "just woke up and was not hearing or speaking clearly." *Id.* at 150. Claimant also explained that he had difficulty hearing some of Referee Apfelbaum's questions because he lives in a basement, which causes poor mobile phone reception. *Id.* Additionally, Claimant newly asserted that the July 2023 paycheck was for work done when he returned to Employer for three months, beginning in April 2023. *Id.* The Board denied reconsideration in its April 22, 2024 Order. *Id.* at 155.

Claimant first notified this Court of his intent to appeal from the Board's March 22, 2024 order in a letter sent via first-class mail. The envelope in which it was sent bears an April 22, 2024 postmark, but the document was not filed by our Prothonotary until May 7, 2024. In the letter, Claimant reiterated some of the claims that he asserted for the first time when requesting reconsideration from the Board, including that he worked for Employer for three months in 2023. In a June 18, 2024 *per curiam* Memorandum and Order, we noted that Claimant's appeal appeared to be untimely and directed the parties to address the issue in their principal briefs.

## II. Issues[2]

---

[2] This Court's review of a Board decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were **(Footnote continued on next page…)**

4

Before this Court, Claimant argues[3] that his appeal of the Board's March 22, 2024 Order was timely filed. Claimant also maintains that the paycheck he received in 2023 was for work performed in 2023, which renders him eligible for UC benefits under Section 4(w). Lastly, Claimant argues that "technical problems" prevented him from fully presenting his case before Referee Apfelbaum and from accurately answering Referee Apfelbaum's questions. Claimant's Br. at 12.

### III. Discussion

### A. Timeliness of Appeal

Pennsylvania Rule of Appellate Procedure 1514(a) provides that when

> [a] petition for review is filed by first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the prothonotary for the purposes of Pa.R.A.P. 121(a) on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar United States Postal Service form from which the date of deposit can be verified.

Pa.R.A.P. 1514(a). While discussing Rule 1514(a), our Supreme Court has noted its longstanding refusal "to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the [UC Law] are involved." *Miller v. Unemployment Comp. Bd. of Rev.*, 476 A.2d 364, 367 (Pa. 1984). In *Miller*, the Court held that an appeal docketed by this Court's Prothonotary 3 days after the 30-day deadline was nonetheless valid, when an "[e]xamination of Commonwealth

---

unsupported by substantial evidence. *Miller v. Unemployment Comp. Bd. of Rev.*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

[3] We have reordered Claimant's appeal arguments for ease of disposition.

5

Court's own internal records would have revealed that the petition was timely mailed, and thus timely filed." *Id.* at 365. Since "the record show[ed] clearly and without dispute that a petition for review was timely mailed prior to the 30-day jurisdictional deadline . . . a fair and just interpretation of our rules makes a dismissal improper." *Id.* at 367.

Instantly, Claimant argues that his appeal was timely under Rule 1514(a), and "any administrative delay" in filing the document "should not be held against [him]." Claimant's Reply Br. at 1 (unpaginated). The Board counters that "Claimant only receives the benefit of 'the earlier deposit in the United States mail'" if he includes one of the specific documents listed in Rule 1514(a). Board's Br. at 8 n.3 (quoting Pa.R.A.P. 1514(a)(3)(i)). Since Claimant only sent the document via first-class mail, the Board reasons, the May 7, 2024 filing date controls.

We agree with Claimant that the appeal was timely mailed and, thus, we consider it timely filed. As in *Miller*, our "own internal records" show that Claimant's letter indicating his intent to appeal was mailed to this Court on April 22, 2024, as evidenced by the postmark on the envelope containing Claimant's letter. *See* Claimant's Pro Se Letter, Envelope. This evidence permits us to conclude that Claimant placed his appeal in the mail no later than the appeal deadline and is therefore considered timely under *Miller*.

## B. Claimant's Evidentiary Burden

Section 4(w) of the Unemployment Compensation Law (UC Law) provides that a claimant who applies for benefits after the termination of a preceding benefit year must have worked and earned wages amounting to at least six times his weekly benefit rate from the previous year. 43 P.S. § 753(w). A claimant bears the burden of proving financial eligibility for UC benefits. *Logan v. Unemployment Comp. Bd.*

6

*of Review*, 103 A.3d 451, 453 (Pa. Cmwlth. 2014). In UC cases, the Board is the ultimate finder of fact and questions regarding the weight of evidence and witness credibility are solely within its province. *First Fed. Sav. Bank v. Unemployment Comp. Bd. of Rev.*, 957 A.2d 811, 815 (Pa. Cmwlth. 2008).

In this case, Claimant bore the burden of demonstrating that he earned wages from employment amounting to $2,970.00 (i.e., $495.00 x 6) between September 2022 and September 2023. Claimant argues that the July 2023 pay stub constitutes "clear and compelling evidence" that he indeed worked and earned that income during the required period. Claimant's Br. at 10. "The evidence should have been given full consideration," Claimant reasons, "as it directly addresses the eligibility requirement under the law." *Id.*

Claimant's argument is unpersuasive. The assertion that Claimant was paid for work performed in 2023 is flatly contradicted not only by his own, repeated acknowledgements to the contrary during the evidentiary hearing, but also by the statement in his application for UC benefits that he had not worked since September 7, 2022. *See* C.R. at 18. Since the Board's conclusions are supported by substantial evidence in the record, we see no reason to disturb them.

Lastly, we turn to Claimant's remaining appeal argument that he was "denied a fair hearing" due to technical issues and miscommunication during the hearing before Referee Apfelbaum. Claimant argues that poor mobile reception "impeded [his] ability to clearly hear and respond to questions, leading to misunderstandings about the work dates and other key facts." Claimant's Br. at 11.

We must reject this argument, as Claimant did not raise it for the first time until asking the Board for reconsideration of its March 22, 2024 Order. It is well settled that issues "raised for the first time in a reconsideration request, after the

7

agency has issued its adjudication," were not properly raised before the agency and are therefore waived. *Bedford Downs Mgmt. Corp. v. State Harness Racing Comm'n*, 926 A.2d 908, 924 (Pa. 2007). Claimant raised no objection to the conduct of the evidentiary hearing in his appeal from Referee Apfelbaum's decision. Since the Board had no opportunity to consider those issues, Claimant fails to establish how the Board erred by not considering them.

## IV. Conclusion

Discerning no error, we affirm the Board.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Schmidt,             :
              Petitioner     :
                           :
             v.             :    No. 659 C.D. 2024
                           :
Unemployment Compensation   :
Board of Review,            :
             Respondent   :

# **O R D E R**

AND NOW, this 5th day of June 2025, the Order of the Unemployment Compensation Board of Review in the above-captioned matter, dated March 22, 2024, is hereby AFFIRMED.

_____
MATTHEW S. WOLF, Judge